UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE SENSA WEIGHT LOSS LITIGATION**<br><br>-------------------------------------------<br>And related action<br><br>POLIN MAHBOUBIAN,<br>           Plaintiff,<br>   v.<br>SENSA PRODUCTS, LLC,<br>           Defendant. | Case No.: 11-CV-1650-YGR<br><br>And related case 11-CV-5516 YGR<br><br>**ORDER GRANTING MOTION OF PLAINTIFF MCCLENDON TO APPOINT INTERIM CLASS COUNSEL AND DENYING MOTION OF PLAINTIFF MELANIE GORDON TO APPOINT TINA WOLFSON INTERIM CO-LEAD COUNSEL** |

Plaintiffs Jeanette McClendon, Melanie Gordon, and Linda Breeding bring these consolidated, putative class actions against Defendants Sensa Products LLC and Alan R. Hirsch, Intelligent Beauty, Inc., General Nutrition Corporation, and General Nutrition Centers, Inc. ("Defendants") alleging false and deceptive advertising in connection with the Sensa Weight Loss System.

Plaintiffs allege claims for violation of, *inter alia*, the California Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*, the California False Advertising Law, Business & Professions Code §17500 *et seq.*, and the California Unfair Competition Law, Business & Professions

Code §17200 *et seq.* Plaintiff Polin Mahboubian brings a related action against Sensa Products, LLC alleging similar claims.

Plaintiff Jeanette McClendon filed a Motion to Appoint her counsel, the firms of Bursor & Fisher, P.A., and Milberg, LLP, as Interim Class Counsel per Rule 23(g)(3) of the Federal Rules of Civil Procedure. (Dkt. No. 88.) Plaintiffs Gordon, Breeding and Mahboubian ("the Coalition Plaintiffs") filed a competing motion for appointment of co-lead, interim class counsel. The motion of the Coalition Plaintiffs seeks appointment of Tina Wolfson, of Ahdoot & Wolfson, APC as co-lead counsel along with *one* of the counsel representing Plaintiff McClendon, but not both.[1] (Dkt. No. 86, 106.)

Having carefully considered the papers submitted and the pleadings in this action, the Court hereby GRANTS the motion of Plaintiff McClendon and DENIES the motion of Coalition Plaintiffs.[2]

Rule 23(g)(3) permits a court to designate interim counsel to act on behalf of the putative class when necessary to protect the interests of the putative class. *See In re Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y., 2006); *Parkinson v. Hyundai Motor America*, 2006 WL 2289801 at *2 (CD Cal., August 7, 2006). In making the decision to designate interim class counsel, courts generally have applied the considerations set forth in Rule 23(g)(1)(A). *In re Air Cargo Shipping*, 240 FRD at 57; *Hill v. The Tribune Co.*, 2005 WL 3299144 at *3-4 (N.D. Ill. October 13, 2005). Those considerations are:

**(i)** the work counsel has done in identifying or investigating potential claims in the action;
**(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
**(iii)** counsel's knowledge of the applicable law; and
**(iv)** the resources that counsel will commit to representing the class.

---

[1] The firm of Ahdoot & Wolfson, APC represents Plaintiff Gordon. The Senators Firm, LLP represents Plaintiff Breeding. The firm of Ram, Olson, Cereghino & Kopczynski, LLP represents Plaintiff Mahboubian.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions are appropriate for decision without oral argument. Accordingly, the Court VACATES the hearings set for March 6, 2012.

Federal Rules of Civil Procedure Rule 23 (a)(1)(A).  A court may also consider, "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Federal Rules of Civil Procedure Rule 23(a)(1)(B).

Based upon these considerations, and upon the information submitted by all counsel, the Court APPOINTS L. Timothy Fisher of Bursor & Fisher, P.A., and Jeff S. Westerman of Milberg LLP as Interim Class Counsel for the Plaintiffs and the proposed classes they represent in these consolidated actions and in the related *Mahboubian* action.

Plaintiffs' Interim Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the proposed class:

(a) To make all work assignments on behalf of Plaintiffs in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

(b) To supervise and monitor the activities of Plaintiffs' counsel and to implement procedures to ensure that unnecessary expenditures of time and funds by counsel are avoided;

(c) To determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the Plaintiffs as to all matters arising during all pretrial and trial proceedings;

(d) To conduct or coordinate discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure;

(e) To enter into stipulations with opposing counsel for the conduct of the litigation;

(f) To sign all papers filed or submitted on behalf of Plaintiffs;

(g) To conduct all pre-trial, trial and post-trial proceedings on behalf of Plaintiffs;

(h) To employ and consult with experts;

      (i)      To call and chair regular meetings of Plaintiffs' counsel;

      (j)      To conduct settlement negotiations with Defendant on behalf of Plaintiffs and to add such additional counsel as Plaintiffs' Interim Class Counsel may select;

      (k)      To otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Plaintiffs' Interim Class Counsel deem necessary or as authorized by further order of the Court;

      (l)      To recommend apportionment and allocation of fees and expenses subject to Court approval; and

      (m)      To have authority over all other matters concerning the prosecution or resolution of the above-referenced actions.

Plaintiffs' Interim Class Counsel shall affect service on all parties by serving a copy on all other parties' counsel by electronic mail, overnight mail, facsimile or hand delivery. The Court's Master Service List shall govern in all proceedings. Plaintiffs' Interim Class Counsel shall be the contact between Plaintiffs' counsel and Defendant's counsel, and shall cooperate to act as the spokesperson for all Plaintiffs. Plaintiffs' Interim Class Counsel shall direct and coordinate the activities of all Plaintiffs' counsel and shall also be responsible for communicating with the Court. Plaintiffs' Interim Class Counsel are designated as the contact persons from Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation.

Plaintiffs' Interim Class Counsel shall be responsible for receiving and, as appropriate, distributing to other counsel Orders from the Court and documents from opposing counsel, and otherwise facilitating and expediting communications to the Court. Service by the Defendants on Plaintiffs of any papers shall be deemed to be complete for all purposes when a copy is served on the

Plaintiffs' Interim Class Counsel.  The appointment of Plaintiffs' Interim Class Counsel shall not constitute a waiver by any party of any claims in or defenses in any of the related actions.

### FURTHER ORDERS

1. Counsel for Plaintiff Mahboubian indicated that he intended to file a motion or stipulation for consolidation of that action.  He is directed to do so no later than 14 days from the date of this order.

2. Plaintiffs' Interim Class Counsel shall jointly file within 30 days of the date of this order, a master consolidated complaint, which will serve as the operative complaint for the consolidated action.

3. The discovery stay previously ordered on December 28, 2011, is DISSOLVED.  The parties shall proceed with discovery in this case.

This terminates Docket Numbers 88 and 106.

**IT IS SO ORDERED.**

March 2, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**