**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SENSA WEIGHT LOSS LITIGATION,<br><br>And consolidated actions | Case No. 11-CV-1650-YGR<br><br>ORDER RE: *IN CAMERA* REVIEW OF SETTLEMENT AGREEMENTS |

At the joint status conference conducted on Friday, April 13, 2012, the Court inquired regarding the stipulations of dismissal submitted by individual plaintiffs and named class representatives Linda Breeding (Dkt. No. 121), Melanie Gordon (Dkt. No. 120) and Polin Mahboubian (Dkt. No. 22 in related action 4:11-cv-5516). The stipulations are for dismissal of each person's individual claims only, pursuant to individual settlement agreements reached between them and Defendant Sensa Products, LLC.

District courts have the obligation to oversee class actions in order to safeguard the integrity of the class mechanism and ensure it is not abused by named plaintiffs or their counsel. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1306 (4th Cir. 1978); *Diaz v. Trust Territory of the Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989). The 2003 revisions to Rule 23(e) of the Federal Rules of Civil Procedure do not require notice and court approval of a settlement prior to certification of a class. On the other hand, under Rule 23(d)(1), "the Court may require notice of 'any step in the action' 'to protect class members and fairly conduct the action.' *Mahan v. Trex Co., Inc.*, 5:09-CV-00670 JF PVT, 2010 WL 4916417 (N.D. Cal. Nov. 22, 2010). Thus this court retains some authority to review

pre-certification settlements to determine whether there is evidence of collusion or prejudice to the class, and to require notice to putative class members as a condition of settlement where appropriate. *Id; see also* 4 NEWBERG ON CLASS ACTIONS §§ 11:74, 15:19 (4th ed.).

Here, dismissal of the individual claims does not appear to prejudice prosecution of the class claims, since Plaintiff Jeanette McClendon continues to assert the same claims on behalf of the class even if other named plaintiffs in the consolidated actions are dismissed. While the timing of the settlement agreements – coming shortly after counsel for Gordon, Breeding, and Mahboubian expressed objections to a class-wide settlement of nearly-identical claims in *Correa v. Sensa Products*, currently pending in Los Angeles Superior Court – might give rise to concerns of collusion, it is by no means dispositive of that question.

In an abundance of caution, the Court ORDERS counsel for Gordon, Breeding, and Mahboubian to produce copies of the settlement agreements between Sensa and their respective clients for *in camera* review, by the Court only, within **four calendar days** of the date of this Order.

Counsel shall hand-deliver to the Clerk's office one hard copy in an envelope marked "Courtesy Copy for Chambers – For In Camera Review – Not to Be Filed." The Court will review the settlements. If nothing relevant is found, the Court will destroy the agreements and they will not be made part of the record.

**IT IS SO ORDERED.**

Dated: April 18, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**